[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Victor Racaniello, is a former member of the town of Darien Police Department. He retired in 1995 after 29 years of service CT Page 8430 and became entitled to and received a pension pursuant both to the collective bargaining agreement between the town and the Darien Police Association, Inc.[1] and to the Darien Pension Plan, a town ordinance.
In 1997, the plaintiff was awarded a 15% disability rating under the Connecticut Heart and Hypertension Act, General Statutes § 7-433c,[2]
and thereafter was awarded $44,226 as benefits under that act. The defendant municipality then subtracted this amount from the plaintiffs pension by reducing his pension by $567 from $755 a week to $188 a week over the course of 78 weeks, or until approximately March 1, 1998.
In his amended complaint of March 18, 1999, the plaintiff seeks a declaratory judgment that his pension is a non-disability or regular pension and therefore it should not have been reduced by the defendant. The plaintiff cites the collective bargaining agreement which provides that a retiree's "disability" pension may be reduced by benefits received under the Heart and Hypertension Act but does not refer to regular pensions. Contract, Art. VI, § 4. The plaintiff also asks for an injunction ordering the defendant to reimburse him for all pension benefits lost as a result of the defendant's reduction. In the second count, the plaintiff claims that the defendant breached his contractual rights to receive a full pension under the collective bargaining agreement.
The defendant filed three special defenses. The first defense is that the plaintiff failed to exhaust his administrative remedies including use of the grievance procedure contained in the collective bargaining agreement.[3] The defendant also contends that this present action is barred by the "applicable" statute of limitations and by laches.
The plaintiff has filed motion #118 seeking summary judgment and the defendant has filed motion #120 seeking a summary judgment in its favor. The parties do not point to any any outstanding genuine issues of material fact which would prevent this case from being decided on cross motions for summary judgment. Practice Book § 17-49.
The issue in this case is whether the defendant municipality is authorized to subtract from a regular or non-disability pension benefits received under the Heart and Hypertension Act. The town's pension plan provides that a pension of whatever nature may be reduced by benefits received under "workers' compensation." Darien Code of Ordinances, Sec. 38-161(a). No distinction is made between a regular and a disability pension.
Thus, the plaintiff contends that there is a conflict between the collective bargaining agreement which provides that disability pensions CT Page 8431 may be offset by benefits received under the Heart and Hypertension Act, and the defendant's pension plan which provides that pensions may be reduced by payments from workers' compensation. If there was such a conflict, General Statutes § 7-474 (f) makes it clear that the controlling document is the collective bargaining agreement, not a municipal pension plan. However, there does not appear to be a conflict, since the pension plan refers to offsets by reason of workers' compensation. The plaintiff received benefits under the Heart and Disability Act which differs from workers' compensation in that the latter provides benefits only to those injured in the course of their employment. General Statutes § 31-284. Plainville v. TravelersIndemnity Co., 178 Conn. 664, 673-74, 425 A.2d 131 (1975).
Even if there was a conflict, the collective bargaining agreement would control the disposition of these motions for summary judgment. This agreement refers to "disability" pensions being reduced by the Heart and Hypertension Act. The defendant argues that since this agreement does not provide that regular pensions may not be reduced, the defendant town was within its rights to subtract benefits from that pension. The court disagrees. If the parties had agreed that all pensions could be so reduced, they would have said so. Alternatively, the parties could have provided that both a regular and a disability pension could be reduced. What they actually said was that disability pensions could be reduced. The language is clear and does not need a tortured interpretation that A does not mean A, it actually means both A and B.
Therefore, if there was not another factor to be considered, the court would grant the plaintiffs motion for summary judgment. However, Carrierov. Naugatuck, 243 Conn. 747, 707 A.2d 706 (1998), discusses the relationship between General Statutes § 7-433c and General Statutes § 7-433b (b) and determined that the "ceiling" in the later statute applied to benefits received in the former statute. § 7-433b (b) provides that benefits under § 7-433c shall be adjusted so that the total benefits received in accordance with that statute when added to a retiree's pension shall not exceed the salary paid to the retiree's "working counterparts." Id., 757. "[t]he § 7-433b (b) ceiling applies to the total payments composed of heart and hypertension disability payments and retirement pension payments not related to § 7-433c." Id.
Summary judgment must therefore be denied because the court lacks sufficient information regarding the ceiling or cap imposed on the plaintiff as a result of General Statutes § 7-433b (b).
So Ordered. CT Page 8432
William B. Lewis, Judge